**In re James STEWART, Debtor.**

**GMAC Plaintiff,**

v.

**James STEWART, Defendant.**

**Bankruptcy Nos. B79–2214, B79–0008.**

United States Bankruptcy Court,
N. D. Ohio.

Jan. 25, 1980.

Saul Eisen, Cleveland, Ohio, for GMAC.

Nelson G. Carl, Cleveland, Ohio, for defendant, James Stewart.

## MEMORANDUM OF DECISION

MARK SCHLACHET, Bankruptcy Judge.

This case arises upon the complaint of General Motors Acceptance Corporation for reclamation and relief from the automatic stay, imposed by § 362(a) of the Bankruptcy Reform Act of 1978 (hereinafter the "Code"), as to any "act to obtain possession of property of the estate . . ." The subject matter of the case is a 1973 Pontiac in debtor's possession which, under section 541, is property of the estate.

The undisputed facts are (1) the value of the car, *i. e.*, $900 to $1000, (2) the absence of any payments from September, 1979 through January, 1980, (3) an outstanding contract balance of $1,670.36 and, consequently, no equity in the debtor, and (4) a perfected lien encumbering the vehicle. Debtor postulates that he is entitled to redeem the automobile for value (§ 506 and 722 of the Code), and that such value amortized in 10 or so "cash payments" of the contract amount, as called for by Code, § 361(1), at once provides adequate protection and an appropriate method of redemption. GMAC insists that redemption should require a lump sum payment and that adequate protection is irrelevant absent a reorganization or rehabilitation situation. It is clear that GMAC is entitled to possession under the provisions of § 1309.44 et seq. of the Ohio Revised Code.

■ Court ordered relief from the automatic stay is governed by § 362(d) of the new Code, which provision is divided into two sub-parts as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

By way of comparison, Bankruptcy Rule 601, applicable to cases filed under the Bankruptcy Act of 1898, as amended, provided in pertinent part as follows:

(c) Relief from Stay. On the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (d) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify, or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

The different approach taken in the new Code is unmistakable. The Court is compelled to grant relief from the stay imposed by subparts (1) through (8) of § 362 for "cause" or, with respect to the stay of subpart (3) of § 362(a), where the debtor is without equity in the property *and* the same is not necessary to a reorganization. Thus, whatever latitude the Court might have in assessing and dealing with "clause" under the first test of § 362(d), it would appear that § 362(d)(2) requires the Court in liquidations to determine whether an equity exists in the debtor and, if not, to grant relief.

The reason for the above is obvious. Unsecured creditors can derive no benefit from continuing the debtor in possession of an asset which cannot enhance the estate in reorganization or provide funds in liquidation to divide amongst claimants. To simply withhold the collateral from the secured party under such circumstances would suggest that the Congress wished secured parties to fund debtor's fresh start when, as is clear from § 362(d), the Congressional intent was otherwise.

Our next area of inquiry is the nature of redemption under § 722 of the Code:

Redemption. An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under Section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

Although the trustee has not sought to abandon the estate's interest in the vehicle, it appears likely that the asset is of "inconsequential value to the estate" and that debtor's representations and actions herein constitute a request (§ 554(b)) for an order upon the trustee to effectuate such abandonment. Accordingly, the trustee has been ordered to abandon the estate's interest in the subject vehicle or, in the alternative, show cause why the same should not be so abandoned.*

■ In Chapter 13 of the new Code, the debtor generally makes court-approved payments to creditors over an extended term and remains in possession of all estate property. 11 U.S.C. § 1306. Such is not the rule in bankruptcies under Chapter 7, *id.* at § 521(3), where dividends upon liquidation are made by the trustee and the case is quickly concluded. The suggestion of debtor herein, *i. e.*, redemption by way of payments over a 9-to 10-month period, is neither compatible with an early case closing nor fair to the secured lender. Such unfairness arises from two practical considerations, to wit, 1) the creditor wants cash, not more promises and 2) in the event of default, the creditor might be required to seek relief in another forum and be subject to further dilution of his position. Moreover, the time value of money is a matter appro-

---

* The preferred procedure in adversary proceedings of this nature is joinder of the trustee followed by written application (§ 554(b)) by the secured party (or redeeming debtor) for an order requiring the trustee to abandon. The Court then provides the statutory notice, advising that a hearing will be held upon any objection, but that an order of abandonment will be entered unless such objection is timely lodged. See Code § 102(1).

priate for judicial concern within the context of a redemption and one which weighs heavily against debtor's position. *Cf. In re Lum,* 1 B.R. 186, 188 (E.D.Tenn.1979). The Court therefore holds that, in order to redeem, debtor must pay the stipulated fair market value, *i. e.* $950., in one lump sum.

Accordingly, debtor shall have ten (10) days from the date hereof to 1) convert to Chapter 13 pursuant to Code § 706, 2) redeem for $950 paid in full or, failing either alternative "1" or "2", 3) return the subject vehicle to GMAC at is place of business nearest debtor's residence, together with the keys thereto. GMAC is given leave to file an unsecured claim for the balance of its claim.