In re Raymond Robert MILLER, Debtor.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Raymond Robert MILLER, Defendant.**

**Bankruptcy No. 79–03930–B.**

**No. 80–0182–B.**

United States Bankruptcy Court, E. D. Michigan.

May 20, 1980.

Stewart, O'Reilly, Cornell, Lascoe & Rancilio, P. C. by Kenneth L. Rancilio, Sterling Heights, Mich., for plaintiff.

Professional Legal Centers, P. C. by William M. Crawforth, Detroit, Mich., for defendant.

OPINION

GEORGE BRODY, Bankruptcy Judge.

This proceeding involves the question of whether a debtor may redeem property under section 722 of the Bankruptcy Reform Act of 1978 (hereinafter referred to as the "Bankruptcy Code"), by compelling the secured creditor to accept payment in installments.

Raymond Robert Miller (hereinafter referred to as the "debtor") filed a voluntary Chapter 7 petition in bankruptcy on December 12, 1979. In his schedules he claimed as exempt, a 1979 Chevrolet which is subject to a security interest held by General Motors Acceptance Corporation (hereinafter referred to as "G.M.A.C."), on a total outstanding indebtedness of $5,680.00. G.M.A.C. filed a complaint to reclaim the automobile. In response, the debtor has offered to redeem the automobile, pursuant to section 722 of the Bankruptcy Code, by paying G.M.A.C. $4,050.00, the fair market value of the automobile, plus the prevailing rate of interest, in thirty (30) monthly installments. G.M.A.C. acknowledges that the Bankruptcy Code permits the debtor to redeem the automobile, but contends that unless it agrees to accept installment payments pursuant to section 524(c), the debtor must pay the $4,050.00 in cash.

Under pre-Bankruptcy Code law, a creditor with a valid security interest could repossess the collateral, regardless of its value, if the bankrupt did not pay the total outstanding indebtedness. *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). The secured creditor, therefore, was able to use the threat of repossession to induce the debtor to reaffirm the entire debt.[1] Section 722, in conjunction with section 524(c)(4)(B)(ii), attempts to eliminate this threat.[2] Section 722 allows an individual debtor to

---

1. H.R.Rep.No.595, 95th Cong., 1st Sess. 127 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6088.

2. For a discussion of section 524(c)(4)(B)(ii), see p. 307, infra.

". . . redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title . . . by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien."

■ Since the parties agree that the automobile is property that may be redeemed pursuant to section 722 and that the amount of the allowed secured claim is $4,050.00,[3] the only question that remains to be decided is whether this sum must be paid in cash or whether the secured creditor may be compelled to accept payment in installments.

The official comment to section 9–506, the redemption provision of the Uniform Commercial Code, states that the payment that must be made, "obviously means more than a new promise to perform the existing promise; it requires payment in full of all monetary obligations then due. . . ." This comment expressly recognizes that the concept of redemption presumes payment in cash, and does not encompass a mere promise to make the required payment in installments.[4] There is nothing in section 722, nor in the legislative history, which indicates that Congress intended the secured creditor's claim to be satisfied other than by a cash payment.[5]

■ Whether a debtor may redeem by paying "the amount of the allowed secured claim" in installments without the creditor's consent, need not, however, be decided solely by reference to section 722. Section 524(c) permits a debtor to enter into an agreement with a creditor to reaffirm certain debts.[6] The method and time and amount of the payment or payments are negotiable by the parties, but the agreement is subject to approval by the court. In most instances, these agreements will provide for installment payments since the debtor, unless the reaffirmed debt is negligible, generally will be unable to pay the required amount in cash.[7] If section 722 were interpreted as permitting the required

---

3. A secured claim is allowable only to the extent of the value of the property which is determined "in light of the purpose of the valuation and the proposed disposition or use" of the property. § 506(a).

4. Redemption statutes generally contemplate that the property that has been repossessed will be returned to the debtor if he makes the required payment. See U.C.C. § 9–506; I.R.C. §§ 6337, 317(b); M.C.L.A. § 440.9506.

5. Section 722 was modeled after section 9–506 of the Uniform Commercial Code. Although the legislative history to section 722 states that redemption under this section is broader than the rights of redemption under the Uniform Commercial Code, there is nothing to indicate that the well established meaning of redemption as requiring a single cash payment will not apply to a debtor in a Chapter 7 case. The only differences between these sections are with respect to the type of property which may be redeemed, when the property may be redeemed, the waivability of the redemption right and the amount of the required payment. H.R. Rep.No.595, 95th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, p. 6336.

6. Section 524(c) reads as follows:
"An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;
(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;
(3) the provisions of subsection (d) of this section have been complied with; and
(4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—
(A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
(ii) in the best interests of the debtor; or
(B)(i) entered into in good faith; and
(ii) in settlement of litigation under section 523 of this title, or providing for redemption under section 722 of this title."

7. A court-approved agreement is enforceable only if the debtor does not make the agreed-upon payments. If the agreement provides for one cash payment, court approval is not necessary unless the cash payment is to be made in the future.

payment to be made in cash or installments, section 524(c)(4)(B)(ii), which allows the debtor and secured creditor to enter into a reaffirmation agreement "providing for redemption," would be rendered meaningless. In light of section 524(c)(4)(B)(ii), the conclusion is inescapable that in order to redeem pursuant to section 722, the debtor must pay the allowed amount of the secured claim in cash, unless the creditor, pursuant to section 524(c), agrees to accept payment in installments.

■ The debtor, however, contends that section 1325(a)(5) of Chapter 13 of the Bankruptcy Code is authority for construing section 722 as permitting installment payments.[8] Section 1325(a)(5) allows the court to confirm a plan involving a secured creditor, even though the secured creditor has not accepted the plan, if the plan provides that he retains the lien securing his claim and if the value of the property to be distributed to him under the plan, as of the effective date of the plan, is not less than the allowed amount of his claim as determined under section 506(a).[9] However, an analysis of the structure of the Bankruptcy Code clearly establishes that this provision has no applicability in a Chapter 7 case.

The substantive provisions of the Bankruptcy Code appear in Title 11 of the United States Code and are divided into eight (8) odd numbered chapters [chapters 1, 3, 5, 7, 9, 11, 13 and 15].[10] Chapter 1— *General Provisions*; Chapter 3—*Case Administration*, and Chapter 5—*Creditors, the Debtor, and the Estate*, apply generally to all cases under chapters 7, 9, 11 and 13. Chapter 15—*United States Trustees*, applies only in chapters 7, 11 and 13 cases in certain designated judicial districts in which the United States trustee "pilot program" is in effect. The remaining chapters deal with the types of cases which may be brought under the Bankruptcy Code, viz., Chapter 7—*Liquidation*; Chapter 9—*Adjustment of Debts of a Municipality*; Chapter 11—*Reorganization*, and Chapter 13—*Adjustment of Debts of an Individual with Regular Income*. Each of these chapters is designed to deal only with the special problems which arise in the type of case it embraces, and the provisions contained in each of these chapters apply only to the cases filed under the particular chapter involved. § 103. Since section 1325(a)(5) is only applicable in a case filed under Chapter 13, it, therefore, cannot be considered in interpreting a provision applicable only in a Chapter 7 case. § 103(h). A debtor who desires to retain property and pay for it by deferred payments as permitted by section 1325(a)(5), need only file an original Chapter 13 petition or convert a pending Chapter 7 proceeding to a Chapter 13 case.

■ Additionally, the debtor contends that if the court holds that redemption requires payment in cash, section 722 would, for all practical purposes, have no application, since debtors will not be able to redeem property of any significant value, and it cannot be presumed that Congress intended such a result. However, Congress obviously recognized that not all debtors would be in a position to redeem under section 722; otherwise, there would be no need for section 524(c)(4)(B)(ii). Undoubtedly, many debtors will not be able to redeem property of any significant value un-

---

**8.** Chapter 11 contains a similar provision in section 1129(b)(2)(A).

**9.** Section 1325(a)(5) in its entirety, provides as follows:

"(a) The court shall confirm a plan if— * * *
(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
(C) the debtor surrenders the property securing such claim to such holder . . . ."

**10.** To distinguish the chapters of the Bankruptcy Code from the chapters of the Bankruptcy Act, **Arabic** rather than **Roman** numerals are used in the Code.

less the secured creditor agrees to finance the redemption through a section 524(c) reaffirmation agreement or unless the debtor can secure substitute financing.

". . . While redemption is a right 'devoutly to be wished' by the debtor, most debtors who are in default because of nonpayment of one or more installments are usually unable to pay the full amount of the debt which is declared due at such time under the standard acceleration clause contained in the security agreement and any accompanying installment promissory note." Lakin, "Default Proceedings Under Article 9: Problems, Solutions and Lessons to be Learned," 8 Akron L.Rev. 1, 40 (1974).

However, the fact that debtors may not in many cases be able to exercise the option given to them by section 722, with respect to collateral of any significant value, unless the creditor agrees to accept installment payments, is no justification for a court to ignore the clear meaning of section 722 to reach what it considers to be a more equitable result. A judge is not at liberty to substitute his own social and economic predilections in contravention of an express statutory mandate.

"The judicial function is that of interpretation; it does not include the power of amendment under the guise of interpretation." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 404, 57 S.Ct. 578, 587, 81 L.Ed. 703 (1937).

The debtor's argument embodies a matter of policy that should be addressed to the Congress. It is not the function of a court to weigh the wisdom of legislation nor to dispense its own ideas of justice.

Finally, the debtor contends that section 362 of the Bankruptcy Code may be utilized by the court to compel a secured creditor to accept the allowed amount of the secured claim in installments. This argument also has no merit.

The filing of a bankruptcy petition operates as a stay of any act to enforce any lien against property of the debtor to the extent that such lien secures a claim that arose before the commencement of the case. § 362(a)(5).[11] It is, however, a stay of limited duration. It terminates automatically when a discharge is granted or denied or when the case is closed or dismissed. § 362(c)(2).[12] It is clearly not a vehicle for the debtor to compel a secured creditor to accept installment payment in lieu of the cash payment that section 722 requires. The court, however, may grant the debtor a reasonable time to obtain the necessary financing so that he may exercise the option accorded him by section 722, either by continuing the stay by virtue of section 362(d)[13] prior to discharge, or by virtue of section 105(a)[14] after discharge.

An appropriate order to be submitted.

---

11. Section 362(a) stays

"(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;".

12. Section 362(c)(2) provides that a Section 362(a)(5) stay continues only

" * * * until the earliest of—
(A) the time the case is closed;
(B) the time the case is dismissed; and
(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied."

13. Section 362(d) provides that, on request of a party in interest, and after notice and hearing, the court shall grant relief from a Section 362(a) stay, such as by terminating, annulling, modifying or conditioning the stay—

"(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization."

Thus, the court must grant relief to the secured creditor if the debtor does not have an equity in the property and the property is not necessary to an effective reorganization, but the court need not terminate the stay.

14. Section 105(a) provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.