In re James F. ZIMMERMAN, Sally R. Zimmerman, Debtors.

Bankruptcy No. 79–02745–KZ.

United States Bankruptcy Court, S. D. California.

July 10, 1980.

Ronald J. Pullen, Chula Vista, Cal., for debtors.

---

1. Rule 59(b) of the Federal Rules of Civil Procedure requires such motion within 10 days after the entry of the judgment.

Rick Schwartz, Los Angeles, Cal., for B. of A.

## I

## FACTS

JAMES W. MEYERS, Bankruptcy Judge.

When the debtors filed their voluntary petition in bankruptcy they listed three motor vehicles among their assets. Each of the vehicles was recognized as exempt property or abandoned by the trustee. On April 4, 1980, the debtors filed a motion seeking to redeem a 1978 Ford Van for $4,600 by paying installments of $150 per month until the entire amount, plus 10% interest per annum, was paid in full. They also proposed to redeem a 1976 Taurus Travel Trailer for $3,100 with payments of $100 per month, also with 10% interest.

The Bank of America ("Bank") is the creditor holding a security interest in both of these vehicles. It objects to the proposals on the ground that redemption under Section 722 of the Bankruptcy Code ("Code"), must be made in a lump sum payment and not on an installment basis. 11 U.S.C. § 722. The Bank further challenges the debtors' estimation of the amounts necessary to satisfy the Bank's secured claims alleging that they should be allowed in amounts considerably in excess of that offered by the debtors.[1]

## II

## ISSUE PRESENTED

Whether an individual debtor can redeem personal property from a lien, over the objection of the secured creditor, by paying the value of the allowed secured claim in installments.

## III

## DISCUSSION

The operative section of the Code in dealing with the redemption of personal property is Section 722 which states:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under Section 522 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

11 U.S.C. § 722.

This right of redemption is new and is not derived from prior bankruptcy law. It generally allows the debtor to redeem tangible personal property from a security interest by paying the creditor the fair market value of the property, or the amount of the claim, whichever is less. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 7 (1978), U.S. Code Cong. & Admin. News, 1978 p. 5787.

Enactment of Section 722 was prompted by Congressional concern for consumers. It assures that the debtor can retain his necessary property and avoid high replacement costs and yet it does not prevent the creditor from obtaining what he is entitled to under the terms of the contract. H.R.Rep. No. 595, 95th Cong., 1st Sess. 127 (1977), U.S. Code Cong. & Admin. News, 1978 p. 5787.

Nothing in the plain language of the statute gives any support to the debtors' argument that installment payments are an acceptable method of redeeming personal property. A review of the legislative history gives no specific guidance on the question presented. However, the House Report does indicate that Section 722 provides a new and broader right of redemption than is found under the Uniform Commercial Code ("U.C.C."). H.R.Rep. No. 595, *supra,* at p. 380. But the *broader* rights cited refer to the fact that under Section 722 the debtor only has to pay the amount of the allowed claim secured by the lien, while

---

1. At the redemption hearing the debtors conceded that they do not have the financial resources to pay the total redemption price of either vehicle if they are required to make lump sum payments at this time.

under the U.C.C. the entire debt plus expenses must be paid to redeem the collateral. *See* Patrick and Meyer, *An Overview of the Bankruptcy Reform Act of 1978*, 1 B.R. 1, 30 (1979); White and Summers, *Handbook of the Law Under the Uniform Commercial Code*, § 26–3 at p. 958, n. 10 (1972).

Of more help is the comment that this provision amounts to a right of first refusal on the foreclosure sale of the property involved. H.R.Rep. No. 595, *supra*, at pp. 117, 381. Thus, it was intended that the debtor would be in the same position as the high bidder at a foreclosure sale. Since at a foreclosure sale the Bank would expect immediate payment in full, then to allow the debtors to pay on time would be to place them in a better position than someone with a simple right of first refusal. Obviously, to place the debtors in a better position than intended would be contrary to Congressional intent. Further, after a foreclosure sale the Bank would be relieved of continued responsibility to administer this loan. Here, on the other hand, if the debtors' installment plan is forced on the Bank, it would have the additional burdens associated with maintaining an active loan account and may incur more risks concerning damage to, or depreciation of the vehicle.[2] This all suggests that the Bank should be able to dispose of its rights in the collateral and receive what it would receive at a foreclosure sale—immediate payment in full.

This conclusion that Section 722 does not anticipate redemption on the installment plan is verified by the decision in *In re Stewart*, 3 B.R. 24 (Bkrtcy.N.Ohio 1980), where Judge Schlachet found that a similar proposal would not be compatible with early case closing or fair to the secured creditor. He states that the unfairness is based on the fact that:

> 1) the creditor wants cash, not more promises and 2) in the event of default, the creditor might be required to seek relief in another forum and be subject to further dilution of his position.

*In re Stewart, supra*, 3 B.R. at p. 25. *Accord, In re Miller*, 4 B.R. 305, 6 B.C.D. 436 (E.Mich.1980).

## IV

### CONCLUSION

Under Section 722 of the Code a debtor may not force a creditor to take installments on the payment of the redemption price. Therefore, the debtors' motion to approve such a plan here is denied. Since the debtors cannot make the necessary lump sum payments to redeem the motor vehicles in this case, then the automatic stay will be terminated with respect to the Bank's rights in them. The Bank should submit a proposed order concerning the motion presented within 10 days of the filing of this opinion.

---

**2.** It should be noted that under the contracts with the debtor the Bank would receive interest at a rate in excess of 14%, while under the installment redemption plan the debtors offer only 10% interest. The debtors give no reason why the Bank should be required to enter into a arrangement below current market rates.