**In re Michael Harris CARROLL and Josie Carroll, Debtors.**

**Bankruptcy No. B-80-0962 PHX Y.**

United States Bankruptcy Court, D. Arizona.

Jan. 6, 1981.

---

Roland J. LaVallee, Phoenix, Ariz., for Arizona Bank.

Paul J. Faith, Avondale, Ariz., for debtors.

## MEMORANDUM DECISION

VINCENT D. MAGGIORE, Bankruptcy Judge.

### I. Facts

When the debtors in this case filed their voluntary Chapter 7 joint petition in bankruptcy, they listed a 1977 Ford F100 ½ ton Ranger pickup truck as exempt property. That exemption has been allowed by this Court.

The truck was subject to a security interest held by the Arizona Bank. The Court has found that the lien of the Arizona Bank on the property secured a dischargeable debt incurred by the debtors for a personal, family, or household use. The Arizona Bank applied to this Court for abandonment of the truck and for a dissolution of the stays in effect as to the vehicle.

Thereafter the debtors applied to this Court to redeem the truck in installments, such installments to be made at the rate of $168.04 per month (the same monthly amount the debtor was required to pay under the contract).

The Bank responded to the above application and argued that the debtors could not redeem the truck in installments or on any other terms, other than by full payment in cash of the value of the vehicle, over the objections of the Bank.

### II. The Issue

The issue before this Court is whether a debtor in a Chapter 7 case can redeem personal property from a lien, over the objection of the secured creditor, by paying the value of the allowed secured claim in installments.

### III. Discussion

The secured creditor in this case urges that the reasoning in *In re Miller*, 4 B.R. 305, 2 C.B.C.2d 259 (Bkrtcy.E.D.Mich.1980), and *In re Zimmerman*, 4 B.R. 739, 2 C.B. C.2d 650 (Bkrtcy.S.D.Cal.1980), should determine the outcome here.

However, this Court disagrees with the conclusion reached in *Miller* and *Zimmerman*. Both cases addressed the same issue faced by this Court now. The decision reached in *Miller*, that the debtor cannot redeem in installments without the consent of the secured creditor, was based primarily on the official comment to Section 9–506,

the redemption provision of the Uniform Commercial Code. The comment states that the payment that must be made "obviously means more than a new promise to perform the existing promise; it requires payment in full of all monetary obligations then due...". While the Uniform Commercial Code and its comments can be useful in interpreting aspects of the Bankruptcy Code, it is clear that the scope of redemption under the Bankruptcy Code is not limited to the dimensions of redemption under the Uniform Commercial Code. See H.R.Rep. 95–595, 95th Cong., 1st Sess. 380, U.S.Code Cong. & Admin.News, 1978, pp. 5963, 6336 ("This section [i. e., Section 722] is new and is broader than rights of redemption under the Uniform Commercial Code.") Another reason that redemption is not the same under the Uniform Commercial Code and the Bankruptcy Code is that the purposes of the two Codes differ. The Bankruptcy Code was designed, among other things, to rehabilitate debtors. The Uniform Commercial Code was not.

It should be noted that by not all statutes dealing with redemption require lump-sum payments. See, e. g., Ariz.Rev.Stat. § 33–742, which provides for cash payments to cure prior default and installment payments pursuant to the reinstated contract. The relevant statutory language is "A purchaser in default under a contract for the conveyance of real property may, at any time prior to the expiration of the period provided for in § 33–741, avoid the forfeiture of his interest by complying with the terms of the contract up to the date of compliance."

The other case that the secured creditor relies on is *Zimmerman*. The holding in that case is primarily based on the comment to the Bankruptcy Code that the redemption provision amounts to a right of first refusal on the foreclosure sale of the property involved. See H.R.Rep.No. 95–595, *supra* at 381, U.S.Code Cong. & Admin.News, 1978, p. 5963. However, that comment does not require payment in full in cash as a prerequisite of the exercise of the right of first refusal.

The legislative history, notwithstanding *Miller* and *Zimmerman*, provides no guidance on the ultimate issue before this Court. This is unfortunate because of the importance of the interest involved. A decision against the debtor will result in a limitation on the right of redemption that is nowhere indicated in the Bankruptcy Code, and a decision against the secured creditor will temporarily balk him of his desired remedy, foreclosure.

Notwithstanding the lack of legislative history on this point, there is guidance that can be drawn from inference and from logic.

One practical consideration is that the right to redeem is meaningless if a debtor cannot exercise it. It seems unreasonable and inconsistent to expect all debtors to come up with a lump-sum amount sufficient to redeem an automobile or a truck. Some could, and some could not. The havenots would not be treated equally under the law.

An allied practical concern of this Court relates to the importance of an automobile or truck to the rehabilitation of a debtor. This Court takes judicial notice that public transit is often an inadequate option in Arizona, where urban sprawl and low population density have tended to limit the development of an effective mass-transit system.

Another argument for the appropriateness of redemption by installments can be seen in the fact that this Court can indirectly cause a similar result by the expedient of (1) holding the Chapter 7 open, (2) seeing that "periodic cash payments" pursuant to 11 U.S.C. § 361(1) are made to the creditor, such payments being large enough to give the creditor adequate protection by covering depreciation and interest, (3) maintaining the case in an open state until the secured creditor's interest is paid off, and (4) closing the case at that time.

Since this Court in the interest of rehabilitating a Chapter 7 debtor can provide for redemption by installments in an indirect way, this Court, in the absence of any expression of legislative intent to the contrary, believes that it can approve a reaffirmation by installments directly.

Another alternative ground for this decision is that it is within the equitable powers of this Court to determine that permitting redemption by installments of a motor vehicle is necessary to the carrying out of the aims of the Bankruptcy Code.

Although they are not now before the Court, two objections might be raised to the method of redemption by installments. One is that it could over-involve the Court in administrative matters. Another is the objection that the redemption by installments is violative of the Fifth Amendment.

The first objection can be met simply with the observation that not all administrative functions were removed from this Court by the Bankruptcy Code.

Furthermore, it is contemplated that the details of a redemption by installments will be presented to the Court for approval, not generated by the Court, thereby comporting with the reduction in administrative duties mandated by the Code (*See* H.Rept.No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) p. 338). This legislative history makes it clear that the Court, on request of a party affected, can determine whether protection provided is adequate.

The concern that a reaffirmation by installments is violative of the 5th Amendment is also clearly unfounded. As long as the secured creditor is being paid amounts that cover the depreciation on the automobile and interest on the value of the automobile, the secured creditor is adequately protected and his security is not impaired. The secured creditor has a right to receive payment of the value of the property under the redemption statute, whether by installments or a lump sum. The method of payment does not affect that right.

For the above reasons this Court holds that redemption pursuant to 11 U.S.C. § 722 can be accomplished by installments over the objections of a secured creditor.