In re David T. LaFAVE and Margaret A. LaFave, Debtors.

David T. LaFAVE and Margaret A. LaFave, Plaintiffs,

v.

FORD MOTOR CREDIT COMPANY, Defendant.

Bankruptcy No. 79–00467.

United States Bankruptcy Court, E. D. Michigan, N. D.

March 19, 1981.

---

Richard E. Cooley, Bellairs, Dean, Cooley & Siler, Flint, Mich., for creditor.

Rozanne M. Giunta, Durance & Rhead, Midland, Mich., for debtors.

## MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

The Plaintiffs, David T. and Margaret A. LaFave, (hereinafter "Debtors"), commenced this action against the Defendant, Ford Motor Credit Company, (hereinafter "FMCC"), on November 18, 1980, seeking to recover certain installment payments made to FMCC between March, 1980, and October, 1980.

The facts may be stated briefly as follows. The Debtors filed a Voluntary Petition in Bankruptcy under Chapter 7 in December, 1979. FMCC was listed as a secured creditor on the Debtors' schedule and held a perfected security interest in the Debtors' 1979 Ford Bronco. Due to the extent of FMCC's security in the collateral, this Court entered an abandonment order with respect to the Bronco in March, 1980. Subsequently, the Debtors continued to make irregular installment payments on the Ford Bronco pursuant to an informal agreement with FMCC providing that the Debtors would continue to make payments on the loan for which, in return, FMCC would not repossess the Ford Bronco.

On approximately October 5, 1980, the Debtors discontinued making any payments on the indebtedness and surrendered possession of the Ford Bronco to FMCC. The Debtors then requested FMCC to return all the installment payments made between March, 1980, and October of the same year. When FMCC refused to return those installment payments, the Debtors initiated the instant action against FMCC by filing a Motion for Repayment.

A hearing was held in this matter on February 17th and the Court at that time reserved decision.

The Court would note at this time that prior to such hearing the Debtors filed a withdrawal of Motion and Abandonment of Claim. FMCC's response thereto strongly opposed any dismissal of the Motion for Repayment. However, the controversy with respect to the withdrawal of the motion was settled shortly before the hearing at which time it was agreed that the legal issue involved is one of such importance that it should be considered by a proper court. This Court will, therefore, proceed to render an opinion which will be dispositive of the legal question.

The sole issue presented is whether a secured creditor must return installment payments received from a debtor subsequent to the abandonment of the secured collateral by the Bankruptcy Court and prior to the repossession of such collateral by the secured party.

The question raised by the facts and circumstances of this case has not been directly addressed by any authority that this Court is aware of. Looking directly to the agreement between the parties, it is evident that such was informal and that there was no approval by the Court of any "reaffirmation" agreement with respect to the Ford Bronco. However, notwithstanding the absence of any court approval, this Court is of

the opinion that FMCC must be allowed to retain the installment payments received from the Debtors for several reasons.

■ First, it appears that an equitable reaffirmation occurred in the present matter which cannot be prevented by the Debtors unilateral decision to discontinue payments pursuant to that agreement.

■ Second, although there was no formal reaffirmation agreement, the Bankruptcy Code, 11 U.S.C. § 101 et seq. (1978) (hereinafter "Code"), does not preclude informal agreements between debtors and secured creditors regarding reaffirmation or redemption.

Finally, FMCC's action in refusing the return of the installment payments is outside the scope of actions which are prohibited after a debtor has been discharged in bankruptcy.

■ In regard to the conclusion that the Debtors' recovery should be denied on equitable grounds, it is important to consider that in many instances "courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity." *Local Loan Co. v. Hunt*, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). In addition, FMCC emphasizes that the equitable powers of the bankruptcy court may be invoked "to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 304–305, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939).

■ Turning to the Code itself, it is evident that there is no provision which renders FMCC's conduct of accepting installment payments following the entry of the abandonment order illegal. It is true that a creditor is precluded from undertaking "any act, to collect, recover or offset any such debt as a personal liability of the debtor or from property of the debtor." § 524(a)(2). However, a fair and reasonable reading of § 524(a)(2) leads to the conclusion that the mere acceptance of installment payments does not constitute any of the proscribed conduct.

There is at least one court which has recognized the validity of voluntary repayment of debts notwithstanding the absence of a court approved reaffirmation agreement. *See In re Avis*, 3 B.R. 205, 207 (S.D.Ohio 1980), wherein the court stated:

"Obviously, the debtor may nevertheless, voluntarily pay the debt to either the creditor or to the co-debtors, although not legally obligated and subject to future legal actions."

Further support for FMCC's position is found in Volume 3 of *Collier on Bankruptcy*, 15th Edition, ¶ 524.03 at 524–14 wherein the following is stated:

"None of [the provisions contained in § 524] prevent a voluntary repayment of a discharged debt. They simply render ineffective any legal action to collect all or any portion of the reaffirmed debt."

In addition, the Code appears to provide an alternative means for an informal repayment of the amount of the permissible secured claim by the debtor which does not require court approval. A debtor is authorized pursuant to § 722 to redeem tangible personal property, such as the Ford Bronco at issue, from a security interest once that property has been abandoned by the trustee by paying the creditor the amount of the allowed secured claim. Although not expressly provided for in the Code, several courts have found that such redemption may be made by means of installment payment *provided the creditor does not object. See In re Zimmerman*, 4 B.R. 739, 3 BLR ¶ 67,648 (S.D.Calif.1980); *In re Stewart*, 3 B.R. 24 (N.Ohio 1980). Although *Zimmerman* and *Stewart* involved situations where the creditor was resisting redemption by installment payments, the courts' discussion of the issue reflect a judicial recognition of an informal alternative to the reaffirmation provisions set forth in § 524.

It is apparent that FMCC's acceptance of the installment payments made by the Debtors was not prohibited by the Code and may even have been encouraged by it. Therefore, equitable considerations would

support a finding that FMCC be allowed to retain such payments.

The Court would also note that under these circumstances, FMCC was not attempting to achieve anything which would be adverse to the Debtors' interests and, therefore, deserving of the Code's protection. On the contrary, there is only evidence of good faith and equitable conduct on the part of FMCC.

The Debtors were in default at the time the Ford Bronco was abandoned in March, 1980, and FMCC could have repossessed the vehicle at that time. Instead, FMCC agreed to continue accepting irregular payments in the amount of $907.08 for seven months before repossessing the vehicle on October 5, 1980. The Debtors thereby received seven months use of the Ford Bronco for which they have only expended $907.08. The fair rental value of the vehicle no doubt exceeds that amount. Furthermore, the vehicle continued to depreciate in value during the period of FMCC's forebearance from exercising its right to repossession.

The Court is of the opinion that equity requires that this Court not sanction the enrichment of the Debtors at the expense of a secured creditor which has proceeded in good faith.

Furthermore, the return of payments made must be denied for still another reason. If the Court permitted the Debtors to recover the installment payments made to FMCC in the instant case, the holding would endorse debtor conduct in the future which should be prevented. In other words, a debtor would be able to speculate as to the future value of secured collateral to the sole detriment of secured creditors. The debtor would need only to remain current in his outstanding obligation so long as the value of the secured collateral increased. However, should the secured collateral decline in value at any time, the debtor would need only to discontinue payments on the debt and initiate an action against the creditor to recover all payments previously made. Consequently, secured creditors would be without power to resist the recovery of the installment payments which had been accepted in good faith by the creditor in any particular case. Undoubtedly, this kind of inequitable result is neither required under the Code, nor should the Court condone it in the present matter.

FMCC has undertaken no act to collect a dischargeable debt from the Debtors or to enforce a reaffirmation agreement which the Court refused to approve. Instead, FMCC has merely accepted payments made by the Debtors pursuant to a voluntary agreement.

Denying the return of the installment payments to the Debtors does not constitute any violation of the letter or spirit of the Code. However, allowing the return of the installment payments would indeed be incompatible with the equitable principles inherent in the Code and would provide for an unjust result.

Accordingly, the Court will grant FMCC the relief prayed for and does hereby dismiss the Debtors' Motion for Repayment.

IT IS SO ORDERED.