In re Kenneth W. KINSER and Lessie L. Kinser, Debtors.

Kenneth W. KINSER and Lessie L. Kinser, Plaintiffs,

v.

OTASCO, INC., Defendant.

Bankruptcy No. 81–00122A.
Adv. No. 81–0264A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 29, 1981.

Herbert E. Heitman, College Park, Ga., for plaintiffs/debtors.

Karen Fagin White, Macey & Zusman, Atlanta, Ga., for defendant.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The Trial of the above-captioned matter having been held before this Court on April 20, 1981, and the Court having heard testimony from the parties to this adversary proceeding at that time, the Court hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### 1.

Plaintiffs are in possession of certain tangible and personal property purchased from Defendant.

### 2.

The personal property which Plaintiffs purchased from Defendant was purchased between April 6, 1979 and August 25, 1980.

### 3.

The property which Plaintiffs purchased from Defendant which remains in Plaintiffs' possession has the following fair market values:

| Item of Personal Property | Valuation |
| --- | --- |
| GE Color Television | $ 400.00 |
| GE Refrigerator | 500.00 |
| TempMaster Air Conditioner | 300.00 |
| Dinette Table and Six Chairs | 198.00 |
| Clock Radio | 30.00 |
| Truck tool box | 10.00 |
| Two (2) Uniroyal Tires | 30.00 |
| Porch Swing | 15.00 |

### 4.

The GE color television, clock radio, air conditioner, dinette and refrigerator purchased by Plaintiffs were in excellent condition at the time of the filing of Plaintiffs' bankruptcy petition; the truck tool box, two Uniroyal tires, and porch swing were in reasonable condition considering their age and use.

## CONCLUSIONS OF LAW

Any redemption of property pursuant to 11 U.S.C. § 722 must be for fair market value as of the time of the filing of the Debtor's bankruptcy petition. The Court may set the fair market value in order that the Debtor may exercise his right to redeem "but is limited to that determination and may not force an installment redemption on a creditor." *In re Cruseturner*, 8 B.R. 581, 585, 7 B.C.D. 235, 237 (D.Utah 1981) (Mabey, B. J.) The Court in the *Cruseturner* case reviews the legislative history to § 722 in depth before so concluding and further states the following:

"That redemptions imposed upon a creditor require a cash payment is consistent with the usual meaning of the term. Redemptions in the context of foreclosures of security interests on both real and personal property are consistently held to require immediate payment in full of the amount due. The description in the legislative history of the § 722 right of redemption as a 'right of first refusal' in goods otherwise subject to repossession, increases the weight which should be given, by analogy, to the treatment of redemptions in foreclosure contexts." 8 B.R. at 587, 7 B.C.D. at 238.

Section 722 of the Bankruptcy Code was modeled after § 9–506 of the Uniform Commercial Code. It is true that redemption under the Bankruptcy Code is broader than redemption under the Uniform Commercial Code, but "the only differences between these sections are with respect to the type of property which may be redeemed, when the property may be redeemed, the waivability of the redemption right and the amount of the required payment." H.R. Report No. 595, 95th Congress, 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. As stated by the Court in the matter of *In re Miller*, 4 B.R. 305, 307, 6 B.C.D. 436, 437 (E.D.Mich.1980) (Brody, B. J.), "There is nothing in § 722, nor in the legislative history, which indicates that Congress intended the secured creditor's

claim to be satisfied other than by a cash payment."

Unless the creditor agrees to accept payment in installments, the Court cannot require a redemption through installment payments. To hold otherwise would be to render § 524(c)(4)(B)(ii) meaningless. Were it possible to redeem through installment payments, no Debtor would ever have reason to reaffirm under § 524(c)(4)(B)(ii) since he could obtain the same end by paying a lesser total amount through redemption. *See In re Hart,* 8 B.R. 1020, 7 B.C.D. 301 (N.D.N.Y.1981) (MacMahon, D. J.)

Based on the foregoing, it is hereby

ORDERED that Plaintiffs may redeem any or all of the above-described items of personal property on or before April 30, 1981, by paying Defendant in cash or by certified funds the amounts indicated above. Any items not so redeemed on or before said date may be repossessed by Defendant and Plaintiffs shall cooperate with Defendant in turning over said property.