In re Ervin A. PREUSS and Dorothy R. Preuss, Debtors.

RAMCO INDUSTRIES, Appellant,

v.

Ervin A. PREUSS, Dorothy R. Preuss and Dale Preuss, Appellees.

BAP No. CC–81–1021–HGV.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted May 21, 1981.

Decided Dec. 16, 1981.

Steven E. Smith, Hemar, Gordon & Rousso, Encino, Cal., for appellant.

Ronald D. Halpern, Law Offices of George L. Rogers, Huntington Beach, Cal., for appellee.

Before HUGHES, GEORGE and VOLINN, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge.

Ramco Industries appeals from an order denying its application for relief from the automatic stay of 11 U.S.C. § 362(a) which arose when debtors filed their Chapter 7 cases. There being no equity in the property subject to appellant's lien, we reverse. 11 U.S.C. § 362(d)(2)(A).

## I

Ervin and Dorothy Preuss entered into a land sales contract with their son Dale on January 2, 1977. The property was valued at $38,000. Dale agreed to pay $8000 down and $208 each month for 30 years. Title was to pass on completion of payments after 30 years or, at the buyer's option, after refinancing of the existing mortgages. At the time, encumbrances on the property from two deeds of trust amounted to $27,-500. The contract was recorded on April 21, 1978.

Ramco recorded an abstract of judgment against Mr. and Mrs. Preuss on February 5, 1979 on their interest in the property and obtained a lien in the amount of $19,514.59.

Some two months later, on April 16, 1979, Mr. and Mrs. Preuss executed a grant deed to Dale. Ramco thereafter obtained a writ of execution from the state court pursuant to Code of Civil Procedure § 690.31(c)–(g) over the objection of Mr. and Mrs. Preuss as well as Dale. Dale also unsuccessfully sought to enjoin Ramco from executing on the property.

Mr. and Mrs. Preuss then filed a Chapter 7 bankruptcy petition on May 16, 1980, thus invoking the automatic stay of section 362(a) and prompting Ramco to seek relief pursuant to Section 362(d).

The bankruptcy judge ruled that the land contract continued as an equitable mortgage after the conveyance by deed and that the right to receive payments under this equitable mortgage passed to the trustee as property of the estate on the date of filing. He also found that the debtors had an equity of $10,500 at the time the contract of sale was executed and left open the question of whether they were still entitled to any payments from Dale. Dale was directed to pay any balance he might owe to the Trustee. That fund was to be subject to the rights of Ramco as well as other judgment lien creditors but none of these relative rights were addressed or determined.

The effect of these holdings was to deny Ramco relief from the stay and to transfer its lien from the real property to whatever Dale might owe the debtors.

## II

Relief from the automatic stay is governed by 11 U.S.C. § 362(d). Relief must be granted if the debtor has no equity in the property, and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Since reorganization is not relevant in Chapter 7, the only issue is whether there is equity in the property. *In re Stewart* 3 B.R. 24, 2 C.B.C.2d 529 (N.D. Ohio, 1980, Schlachet BJ), *In re Moore* 5 B.R. 449 (D.Md.1980, Goldburn BJ). Ramco had the burden of proving that they had none. § 362(g)(1).

The trial court found that the value of the property was $38,000, that it was subject to deeds of trust totalling $27,500, that appellant Ramco Industries had recorded an abstract of judgment and that several other creditors of Mr. and Mrs. Preuss had claims against the property. While Ramco had the burden of proving lack of equity, 11 U.S.C. § 362(g)(1), the uncontroverted evidence demonstrated that Ramco's lien was in the amount of $19,514.59. There was only one permissable conclusion from the findings on the issue of the debtors' equity: there was none.

## III

There being no equity for the benefit of the Chapter 7 estates of Mr. and Mrs. Preuss, it was incumbent on the court to dissolve the automatic stay. 11 U.S.C. § 362(d)(2). (For the same reason, it was inappropriate to involve the trustee in a dispute that could not benefit the estate).

Finally, the automatic stay did not (and could not) protect Dale or his property in the absence of his filing bankruptcy. There was no occasion therefore to entertain his counterclaim to quiet title. That controversy is before the state court and remains for resolution there.

Reversed and remanded for purposes of entering an order dissolving the automatic stay.