**In re Beverly Ann MOORE, Debtor.**

**RAMCO INDUSTRIES, a corporation, Appellant,**

v.

**Beverly Ann MOORE, Michael Moore and Robert Stopher, Trustee, Appellees.**

**BAP No. CC–81–1117–HGV.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 21, 1982.
Decided April 6, 1982.

Steven E. Smith, Hemar, Gordon & Rousso, Encino, Cal., for appellant.

Michael G. Dib, Huntington Beach, Cal., for appellees.

Before HUGHES, GEORGE and VOLINN, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge:

Ramco Industries appeals from a judgment which dismissed its complaint for relief from the automatic stay imposed by 11 U.S.C. § 362 "on the merits." We construe the judgment as a determination that appellant is not stayed from enforcing its rights, if any, in the subject property and affirm.

### I

In many respects, this case is similar to *In re Preuss*, 15 B.R. 896 (9th Cir. 1981), in which we held that plaintiff creditor was entitled to an order giving relief from stay in a chapter 7 case once it was apparent that there was no equity in the property of benefit to the bankruptcy estate. 11 U.S.C. § 362(d)(2)(A).

The debtor, Beverly Ann Moore, took property in her name as an accommodation to her son. As her attorneys argued to the trial court, the transaction "was a sham, intended only to circumvent any claims" her son's "estranged wife might make on the property, and further to circumvent ... rights" which she believed the sellers had to enforce a due-on-sale clause in their deed of trust. Prior to bankruptcy, but after Ramco had acquired a judgment lien on any interests she had in the real property, Mrs. Moore deeded the property to her son. Only Mrs. Moore filed bankruptcy.

Saying it did so out of an abundance of caution, Ramco filed a "complaint for relief from stay" and prayed that "the automatic stay in effect be modified to permit plaintiff to enforce its judgment against the ... real property..." Mrs. Moore answered and prayed that the court "declare the interest of plaintiff... [in] the subject real property... to be nothing, and that the plaintiff be permanently stayed and enjoined from any execution or sale of the subject property..."

Mrs. Moore testified that it was never her intention to own the property, that none of her money was used to acquire it and that she conveyed whatever title she had to her son long before bankruptcy.

The trustee in Mrs. Moore's bankruptcy notified Ramco, as well as the court, that he did not intend to administer the property in the bankruptcy case and "will not be contesting the relief you seek..."

### II

Understandably, the court found that Mrs. Moore had no interest in the property, from which it concluded that "there is no § 362 stay and therefore the plaintiff's complaint should be dismissed."

Less understandable is why Ramco felt obliged to appeal from the judgment "that the plaintiff take nothing and that this adversary proceeding be dismissed on the merits," or what rights Mrs. Moore sought to preserve in resisting the appeal. It appeared from statements of counsel at oral argument that the parties believed that the judgment somehow precluded Ramco from executing on its judgment lien.

While the judgment of dismissal plainly did no more than dismiss a simple complaint for relief from stay, the court's use of the term "on the merits" is no doubt a source of ambiguity. This conclusion is supported by the court's discussion in its memorandum of decision of Ramco's interest in the property vis a vis the son and its statement: "I hold that Michael Moore owns the subject property free and clear of Ramco's judgment lien."

## III

Mrs. Moore (her son is not a party to the appeal although her counsel conceded they represent Michael as well) asserts that the holding as between Ramco and Michael is within the court's jurisdiction. We do not reach that question because we conclude that the court's observation on the relative rights between Ramco and Michael, neither of whom are in bankruptcy, pertained to matters outside the issues in the relief from stay action.

Unlike in *Preuss*, supra, the trustee in this case asserts no interest in the property and, indeed, expressly did not contest relief from stay. Accordingly, Ramco was entitled as a matter of law to relief from stay insofar as it protected the estate. 11 U.S.C. § 362(c)(1).

The only other party afforded protection by the automatic stay is Mrs. Moore, the debtor, but she asserted no interest in the property either.

The issues framed by the pleadings—Ramco's complaint for relief from stay and Mrs. Moore's answer praying that the stay remain in effect—were confined to granting or denying the specific relief sought. There was no occasion to deny relief (except, as the court did, to hold that no stay existed) or to rule on issues outside the pleadings.

Treating the observations as to the relative interests of Ramco and Michael in the memorandum as surplusage, and reading the judgment as holding that Ramco is not subject to an automatic stay, we affirm.