In re CASGUL OF NEVADA, INC., dba Big Al's Speak-Easy, Debtor.

**NEVADA NATIONAL BANK, a National Banking Assoc., Appellant,**

v.

**CASGUL OF NEVADA, INC., Appellee.**

BAP No. NV–81–1068–HEV.
Bankruptcy No. BK–LV–80–978.
Adv. No. 800199.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Feb. 17, 1982.

Decided July 14, 1982.

John Peter Lee, John Peter Lee, Ltd., Las Vegas, Nev., for appellant.

Gary D. Weinberger, Wiener, Waldman & Gordon, Ltd., Las Vegas, Nev., for appellee.

Before HUGHES, ELLIOTT and VOLINN, Bankruptcy Judges.

OPINION

HUGHES, Bankruptcy Judge:

Nevada National Bank appeals from an order conditioning relief from the automatic stay imposed by 11 U.S.C. § 362(a) on withholding action against property owned by officers of the debtor corporation. We reverse.

I

Casgul of Nevada, Inc. commenced a case under Chapter 11 of the Bankruptcy Code, converting to Chapter 7 on March 11, 1981. The order appealed from, which is titled Order for Conditional Relief from Stay, was entered on March 20, 1981 after trial was had on the bank's complaint for relief from stay. 11 U.S.C. § 362(d).

The circumstances leading to the order are taken from appellee's brief (appellee being the debtor corporation). The initial financing of the debtor in the amount of some $1 million was evidenced by promissory notes executed by the debtor as well as by Albert Casaretto and Dominick Gullo and their wives. Casaretto was president and Gullo secretary-treasurer of the debtor. The notes were secured by real and personal property of the debtor and by the residences of the corporate officers and their wives.

After the debtor filed bankruptcy, the bank began foreclosure of the residences and filed its complaint against the debtor corporation for relief from the stay against foreclosure of the debtor's property. 11 U.S.C. § 362(a). The debtor did not resist the bank's request but, citing 11 U.S.C. § 105(a) and § 362(d), asked that relief be conditioned on staying foreclosure of the officers' residences until the debtor's real and personal property had been foreclosed. None of the individuals were named as defendants in this action and they did not seek intervention. They are not parties to the appeal.

The court granted relief from the section 362(a) automatic stay on condition "that plaintiff limit its initial foreclosure proceedings" to the debtor's real property. It then ordered that "Plaintiff not proceed with foreclosure proceedings" as to the residential real property without further order of the court.

The appeal questions the propriety of staying the bank from foreclosing against property that is not part of the debtor's estate and for the sole benefit of persons who are neither parties nor debtors.

We conclude that there is no statutory authority in the Bankruptcy Code (Title 11 U.S.C.) for conditioning relief from stay as the court did. We further conclude that the court's affirmative stay was not justified by the record.

## II

Relief from the automatic stay is governed by 11 U.S.C. § 362(d) which provides for "terminating, annulling, modifying, or conditioning such stay..." With respect to a stay (as here) of an act against property, relief is mandatory if the debtor does not have an equity in such property and such property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). The reorganization referred to is that of the debtor.

■ Implicit in the debtor's position before the trial court was a concession that it lacked equity in the property and that the property was not needed for its reorganization. Reorganization is not even contemplated in Chapter 7. *In re Preuss*, 15 B.R. 896 (9th Cir. Bkrtcy.App.1981). Under such circumstances, the statute required that relief be granted. *In re Preuss*, supra.

■ Appellee does not dispute the foregoing but argues that, by the terms of the statute, such mandatory relief may be conditional. The record leads us to conclude that the conditional relief was not justified because it did not (nor was it intended to) benefit either the debtor or the debtor's estate.

An automatic stay is created by section 362(a) for benefit of the debtor; see, e.g., paragraphs (1), (2), (6); the debtor's property, paragraph (5); or the debtor's estate, paragraphs (2), (3), (4). We are unable to find any provision in section 362 that creates a stay in favor of any entity other than the debtor or that protects property other than that of the debtor or trustee (i.e., estate property). Nor can the debtor point to such a provision.

There is ample reason to believe that Congress' failure to afford automatic stay protection to co-debtors, or to their property, was deliberate. It expressly provided for a co-debtor stay in 11 U.S.C. § 1301, applicable to Chapter 13 cases only.

We conclude that section 362(a) did not create an automatic stay in favor of the debtor's officers or their property.

Appellee would have us read section 362(a)(2) as permitting mandatory relief from stay to take the form of creating a

stay that is not provided by the statute. This we cannot do.

### III

Appellee justifies the court's order (specifically that portion prohibiting foreclosure acts against the officer's residences without further order of the court) by invoking 11 U.S.C. § 105(a). This section provides that the "bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

■ Appellant argues that restraint of foreclosure against property of the debtor's officers was neither necessary or appropriate to carry out any provision of title 11. It also urged during argument that the real parties in interest (i.e., the debtor's officers and their wives) were not before the court and that the order was granted without compliance with Rule 7(a) F.R.C.P. (requiring a pleading for the relief given) or with Rule 65 (governing injunctions). In particular, Rule 56(c) requiring security was not considered.

The latter citations of error apparently were not raised below and may not be raised before us unless the alleged errors are jurisdictional. For example, while it would appear that the debtor corporation was not the real party in interest so far as any relief under section 105(a) is concerned, dismissal is inappropriate unless the real parties in interest (i.e., the officers and their wives) are permitted to intervene. Rule 17(a) F.R.C.P. Likewise, deficiencies in the pleadings should be raised in the first instance before the trial court. These alleged defects can be raised on remand.

Appellant timely questioned whether the relief given was proper under section 105(a), however. In this regard the record does not disclose how the order staying foreclosure of the residences of debtor's officers was "necessary or appropriate to carry out the provisions" of title 11. Since the answer is not otherwise apparent, and since section 105(a) does not authorize the order in the absence of this factor, we re-verse and remand on this issue for further proceedings.

Reversed and remanded.