**In re Ruby WEAVER, Debtor.**

**Bankruptcy No. 80–00056A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

May 8, 1980.

J. L. Jordan, Atlanta, Ga., for Ruby Weaver.

John G. McCullough, Wilkinson & McCullough, Atlanta, Ga., for GMAC.

## ORDER

HUGH L. ROBINSON, Bankruptcy Judge.

The above matter came on before this Court on March 11, 1980, for a hearing on the confirmation of the plan, as amended, proposed by the debtor, together with the objection to confirmation by General Motors Acceptance Corporation (GMAC), a secured creditor. After hearing evidence and argument of counsel and consideration of the record in this matter, this Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The debtor did, on January 8, 1980, file a petition under Chapter 13 of the Bankruptcy Reform Act of 1978, in which, as amended, she proposes an extension plan to pay secured claims at 100% and unsecured claims at 100%. GMAC has filed two secured claims. One is secured by a 1978 Buick Regal automobile in the possession of and used by the debtor. This claim is adequately covered under the plan and there is no objection to GMAC to the plan as it

concerns this claim. The other claim is secured by a 1976 Oldsmobile Cutlas Supreme in the possession of the debtor's son residing in Akron, Ohio. The debtor is a cobuyer on the contract secured by this latter automobile. The objection of GMAC to confirmation centers upon this latter claim, and it is toward this claim that this order is directed.

In respect to the 1976 Oldsmobile Cutlas, GMAC has filed a secured proof of claim for the sum of $3,784.44. The automobile securing said claim has a present value of $2,600.00. The installment sale contract evidencing this claim and dated February 21, 1978, carries finance charges at an annual percentage rate of 19.56%, that being within the rate allowed by the Georgia Motor Vehicle Sales Finance Act, Ga.Code Ann. ¶ 96–1001, et seq. The contract provides for equal monthly installments of $181.68 per month, and is past due for those installments due January 7, 1979, to date.

In determining the value of said vehicle, this Court takes into account the present NADA retail and wholesale values. The Court further finds that the plan, as amended, provides that GMAC shall retain its lien securing its allowed secured claim and that the debtor will not surrender any interest she may have in the collateral.

## CONCLUSIONS OF LAW

■ This Court concludes that the amount of GMAC's allowed secured claim on the 1976 Oldsmobile Cutlas is $2,600.00, the amount determined by this Court to be the value of the vehicle. This Court declines, as urged by GMAC, to value the amount of said claim at the "replacement" cost of the vehicle, or its retail value. This Court further declines to take into account the unearned credit life and disability insurance premiums financed under the terms and provisions of the contract as a factor in determining the amount of the allowed secured claim as urged by GMAC.

■ This Court further concludes that monthly installment payments to GMAC of $100.00 per month on said claim under the plan will adequately protect its interest in its collateral.

In passing on confirmation of the plan, this Court is governed by 11 U.S.C. ¶ 1325(a). If this Court finds that the requirements of ¶ 1325(a)(1) through (6) are met, it "shall" confirm the plan. The facts of this case bring into play the provisions of ¶ 1325(a)(5)(B). The plan to be confirmed must provide that (1) GMAC retain its lien, which it does, 11 U.S.C. ¶ 1325(a)(5)(B)(i), and (2) that the value, as of the effective date of the plan, of the property ($2,600.00) distributed to GMAC is not less than the allowed amount of its secured claim ($2,600.00) 11 U.S.C. ¶ 1325(a)(5)(B)(ii). Construing the value of said property at present value requires a capitalization of the $2,600.00 to be distributed to GMAC under the plan, thereby entitling GMAC to receive an incremental amount based upon the time value of said money. This Court concludes the time value of the property to be distributed to GMAC ($2,600.00) to be 10% per annum. This Court declines, as urged by GMAC, to measure that time value at 19.56% per annum, the contractual annual percentage rate in this case. See, *In Re Lum*, 1 BR 186, 198 (Bkrtcy.E.D.Tenn. 1979).

Accordingly, it is ordered that GMAC receive as the allowed secured portion of its claim on the above vehicle the sum of $2,600.00 to be paid at the rate of $100.00 per month, plus the time value of said sum computed at the rate of 10% per annum, the total of payments being payable in twenty–six (26) equal monthly installments of $111.-64. The unsecured portion of GMAC's claim shall be paid along with other unsecured claims.

Further ordered, that the debtor shall instanter provide GMAC with evidence that its collateral is covered by sufficient physical damage and comprehensive insurance as provided by the terms and conditions of the installment sale contract between the parties.