**In re Daniel STUMBO, Debtor.**

**Bankruptcy No. 80 B 04104 K.**

United States Bankruptcy Court, D. Colorado.

Jan. 13, 1981.

Carol B. Million, Aurora, Colo., for debtor.

Brian A. Magoon, Denver, Colo., for Chrysler Credit Corp.

Janet G. MacFarlane, Chapter 13 Standing Trustee.

### MEMORANDUM AND ORDER VALUING COLLATERAL AND DENYING CONFIRMATION

GLEN E. KELLER, Jr., Bankruptcy Judge.

This Chapter 13 case came before the Court for confirmation of a plan and a determination of the value of a secured claim. It appears that the valuation of the secured portion of the claim is critical to the confirmability of the plan. The Debtor has scheduled as a secured creditor Chrysler Credit Corporation. Chrysler holds a 1980 Mazda RX 7 as collateral for a debt, the principal balance of which is $11,735.71. The Debtor testified that the fair market value of the vehicle in question was $7,600.00 at the time the petition was filed. The other evidence received reveals that the value according to accepted resource material was $8,275.00 at the time of the petition. The creditor asserts, however, that this value or the Debtor's value should not be used but that the Court should determine the value at the present time to the creditor of the vehicle in accordance with

the terms of 11 U.S.C. § 1325(a)(5)(B) and § 506. Section 506 requires the Court to determine the value of the creditor's interest in the estate's interest in such property in light of the purpose of the valuation and of the proposed disposition or use of the property and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

The difficulty here is created not by the difference in estimates of market value of the property but by the fact that the creditor's interest in the property has a value to the creditor of $10,676.29. This value is ascertained pursuant to a provision under which the creditor extended credit. The retail installment contract which forms the security agreement in this case was executed between the Debtor and a dealer in motor vehicles. The dealer in turn assigned the paper to Chrysler Credit Corporation pursuant to a provision which requires that if repossession occurs within 90 days after the maturity of the earliest installment of the contract then unpaid, the dealer will repurchase the contract at a specified dollar amount regardless of its condition. The 90-day period is stayed by the filing of litigation. The creditor asserts that it can receive the $10,676.29 amount for the property under that provision and that if it is to be crammed down under the provisions of § 1325(a)(5)(B), it should receive the amount which it could receive today for the property and that the payments must equal the present value of the contractual right to recover. The Debtor argues that the creditor's interest in the estate's interest in the property cannot exceed the fair market value in an open market sale and that the Debtor should not be bound by the contractual dollar payment.

■ A determination of the estate's interest in the property must be made in light of the purpose of the proposed valuation. The proposed valuation is the amount which the creditor could receive if it were granted its property under foreclosure as the cramdown provisions of § 1325(a)(5) are a simple substitution by the Congress of payment to the creditor of the amount it would receive if it in fact foreclosed upon the property. *See*, 124 *Cong.Rec.* H. 11,107 (Sept. 28, 1978); S. 17,423 (Oct. 6, 1978). It seems to this Court that the interest of the estate in the property is the amount by which the debt to the creditor could in fact be reduced by a surrender of the property, another method of dealing with secured creditors under § 1325(a)(5). This Court is satisfied that under circumstances as exist here, the value of the collateral for determination of the value of the secured claim must be the amount which the creditor could receive in the event of foreclosure, which here is $10,-676.29.

■ A repayment under the terms of the plan proposed by the Debtor of the amount of the secured debt will require far in excess of the 36 months permitted by 11 U.S.C. § 1322(c). No cause for extension of time beyond the three-year period has been shown. Now, therefore, it is

ORDERED that the value of the secured claim of Chrysler Credit Corporation herein be and the same is hereby fixed at $10,-676.29.

FURTHER ORDERED that confirmation of the within plan be and the same is hereby denied.

FURTHER ORDERED that a hearing shall be held on February 2, 1981, at the hour of 8:30 a. m., in Courtroom B, United States Bankruptcy Court, 400 Columbine Building, 1845 Sherman Street, Denver, Colorado, to determine whether this case should be dismissed or converted pursuant to 11 U.S.C. § 1307.