**In the Matter of Ruby Jeanette CLEMENTS, a/k/a Ruby Jeanette Stewart, Debtor.**

**Bankruptcy No. 80–01180A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 29, 1981.

John E. Sacker, Jr., Atlanta, Ga., for objector.

Thomas C. Jones, Jr., Atlanta, Ga., for debtor.

## IN PROCEEDINGS UNDER CHAPTER 13 OF THE BANKRUPTCY CODE

### ORDER

A. D. KAHN, Bankruptcy Judge.

The court, having held a confirmation hearing in the above-styled proceeding, and having considered the objections of Chrysler Credit Corporation ("Chrysler") to the confirmation of the debtor's proposed Chapter 13 plan, and the debtor's response thereto, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.

Chrysler's objection to the valuation of the 1977 Plymouth Fury, which is owned by debtor Clements and subject to Chrysler's security interest, must be OVERRULED. Chrysler's assertion that the valuation should be determined by the amount that Chrysler could receive by its customary means of disposition, which would be the amount that it would receive from the local dealer under a Repurchase Agreement, is an attempt to make a unilateral determination of the value of its security in derogation of the role of the Bankruptcy Court. *See In re Pennyrich International, Inc. of Dallas,* 473 F.2d 417, 424 (5th Cir. 1973). Pursuant to Section 506(a) of the Bankruptcy Reform Act of 1978 (the "Code"), the purpose of the valuation and the proposed use of the property are factors that are properly considered in a valuation of collateral. 11 U.S.C. § 506(a). The debtor proposes to continue using the automobile in accordance with a Chapter 13 plan. It is not disputed that the N.A.D.A. value of the automobile is $1,800.00. No other relevant evidence concerning valuation of the automobile is before the court. Accordingly, the court finds that the value of the automobile is $1,800.00.

2.

No objections to Chrysler's claim were filed. Hence, it must be deemed allowed. 11 U.S.C. § 502(a). Chrysler's allowed claim in the amount of $3,303.67 is a secured claim in the amount of $1,800.00, and an unsecured claim in the amount of $1,503.67. 11 U.S.C. § 506(a).

### 3.

■ As holder of an allowed secured claim, Chrysler is entitled, pursuant to Section 1325(a)(5) of the Code, not only to retain the lien securing its claim but also to receive "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim," that is "not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B). If debtor Clements proposed to pay Chrsyler's secured claim in a lump sum on the effective date of the plan, Chrysler would receive $1,800.00. However, the debtor has proposed to pay Chrysler's $1,800.00 claim in installments over an unstated period of months. No compensation for these deferred payments has been proposed. The debtor has proposed that, from her future earnings, $87.50 per month be submitted to the trustee for disbursement, and that Chrysler receive $1,800.00 in dividends from the trustee. Even if Chrysler received $87.50 per month, it would take at least twenty (20) months for Chrysler to receive $1,800.00; this without more would be insufficient compensation.

The problem arises with the determination of the amount and method by which Chrysler will be compensated for payments of its allowed secured claim over time. In effect Chrysler is being forced to extend credit to the debtor, much as it voluntarily extended credit when the debtor originally purchased the car, although the transaction now is a "cramdown" under the Bankruptcy Code.

In the original transaction, which is evidenced by a retail installment contract, Chrysler financed approximately $6,000.00 over forty-eight (48) months, at an annual percentage rate of 14.34%. Monthly installments were $172.47. The total finance charge was approximately $2,000.00. There is no indication from the contract how the parties arrived at these amounts, although the methods of calculation could doubtless be proved. There is no evidence before the court demonstrating the present value of a sum certain to be paid over a period of time other than this contract.

■ The situation at hand is similar to the facts at the time the parties entered into the contract. The value of the automobile is analogous to the amount financed in the contract. The purposes of the computations then are not unlike the situation now, in which Chrysler is entitled to receive $1,800.00. The court finds that the annual percentage rate agreed upon by the parties in the contract has created a *presumption* of the annual percentage rate to which Chrysler is entitled in a payment plan pursuant to the Code. Payments should be calculated to achieve this result, with $1,800.00 as the starting point.

Numerous courts have addressed precisely the same issue as that raised in the case *sub judice.* In *General Motors Acceptance Corp. v. Lum (In re Lum),* 1 B.R. 186, 1 C.B.C.2d 95, 97 (E.D.Tenn.1979), the court adopted an effective rate of interest of ten percent (10%) per annum on the unpaid balance. *See also In re Weaver,* 5 B.R. 522, 2 C.B.C.2d 315 (N.D.Ga.1980). In *In re Ziegler,* 6 B.R. 3, 6 B.C.D. 194 (S.D.Ohio 1980), a rate of twelve percent (12%) per annum simple interest was adopted, as provided by 26 U.S.C. § 6621. Other courts have adopted the legal rate, the prime rate, the Federal Reserve discount rate, and the three month Treasury Bill rate. *General Motors Acceptance Corp. v. Willis (In re Willis),* 6 B.R. 555 (N.D.Ill.1980). These decisions are not controlling, in view of the evidence before this court, which requires that Chrysler receive the annual percentage rate specified in the contract. The establishment of any other interest rate in the absence of supporting evidence, would be purely arbitrary.

It is the duty of the debtor to submit a plan. 11 U.S.C. § 1321. This court cannot confirm the plan unless it is shown that it substantially complies with the principles set forth above. Otherwise Chrysler would be deprived of valuable rights accorded it as a secured creditor who is subject to the cramdown provisions of the Code.

It is not the role of this court to formulate a plan that can be confirmed, but it takes notice of the difficulties that the

debtor may have in formulating such a plan. The debtor knows how much she can afford to pay each month. Furthermore, the debtor is limited by the Code, in that the plan may not provide for payments over a period exceeding three years without court approval. 11 U.S.C. § 1322(c).

 Calculation of the schedule of payments and interest may be difficult without the proper tools. The court believes it incumbent upon Chrysler to cooperate with the debtor in furnishing amortization tables and such other information as is necessary to enable the debtor to devise a plan, if the debtor is unable to obtain such assistance elsewhere. The court does not believe that this is a burden on Chrysler, inasmuch as Chrysler undoubtedly provided this data at the time of the original transaction.

Once a plan is devised that is in accordance with statutory requirements, it may be discovered that the required payments under the plan are in excess of the amount that the debtor can afford to pay. If such should prove to be the case, then the plan could not be confirmed, inasmuch as it would violate the provisions of Section 1325(a)(6). 11 U.S.C. § 1325(a)(6). This problem, perhaps, will be saved for another day.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Chrysler's objections to the debtor's pending proposed plan be SUSTAINED to the extent set forth herein.

IT IS FURTHER ORDERED that debtor Clements file, and serve, in accordance with this Order, a proposed amended Chapter 13 plan within ten (10) days from the date hereof.

IT IS FURTHER ORDERED that Chrysler shall have ten (10) days from the date of the filing of the aforementioned amended plan to enter any objections to confirmation of said plan. Any of Chrysler's objections not entered or renewed before the expiration of such time shall be deemed OVERRULED.

IT IS FURTHER ORDERED that unsecured creditors of the debtor be permitted to file their objections to said proposed amended plan within ten (10) days of filing, only to the extent that said amended plan materially alters the rights of the unsecured claimants from the rights now accorded under the pending plan before this court.

IT IS SO ORDERED.