In re Penny Ann DAVIS, a/k/a Penny Ann Payne, Debtor.

Bankruptcy No. 281–00080.

United States Bankruptcy Court,
C. D. Illinois.

Oct. 23, 1981.

Richard J. Doyle, Danville, Ill., for debtor.

Timothy O. Smith, Danville, Ill., for creditor.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

The question now before the Court is whether, under Bankruptcy Code Section 722, a debtor may redeem property in installment payments rather than in one lump sum payment. The Terre Haute First National Bank holds a valid security interest in the 1979 Village Park Mobile Home in

which debtor and her family reside. Debtor granted the Bank this security interest through a retail installment contract dated September 19, 1978. Debtor made 18 installment payments pursuant to the contract, but was in default at the time she filed her petition in bankruptcy on February 27, 1981. The Trustee has abandoned any interest in the mobile home.

Before determining the method by which debtor may redeem, the Court must first determine the mobile home's redemption value. This Court finds the redemption value to be the fair market value of the mobile home. Though the retail installment contract which debtor signed contains a limited repurchase agreement, this Court follows the Court in *In re Beranek*, 9 B.R. 864, 7 BCD 522 (Bkrtcy., D.Colo.1981), and finds that Congress intended the Bankruptcy Courts to make a flexible and pragmatic valuation of collateral, without being bound by artificial values established in repurchase agreements. Bankruptcy Code Section 506 sets out the standard for valuing collateral. It refers to the creditor's interest in the estate's interest in the property subject to the creditor's lien. Most courts have interpreted this to mean fair market value. (*Beranek, supra; Chrysler Credit Corporation v. Cooper*, 7 B.R. 537, 7 BCD 24 (Bkrtcy., N.D.Ga.1980)). Evidence presented to this Court indicates that the mobile home has a fair market value of $8,106.00, and the Court establishes this as its redemption value.

Several courts have already rendered opinions on the permissibility of redemption by installments under Section 722. The courts in *In re Cruseturner*, 8 B.R. 581, 7 BCD 235 (Bkrtcy., D.Utah 1981), and *In re Miller*, 4 B.R. 305, 6 BCD 436 (Bkrtcy., E.D.Mich.1980), and the District Court on appeal in *In re Hart*, 8 B.R. 1020, 7 BCD 301 (Bkrtcy., N.D.N.Y.1981), ruled against redemption by installment, while the courts in *In re Hall*, 11 B.R. 3, 7 BCD 276 (Bkrtcy., W.D.Mo.1980), and *In re Carroll*, 7 B.R. 907, 7 BCD 224 (Bkrtcy., D.Ariz.1981), permitted redemption by installment. This Court has carefully considered all of these opinions and finds the latter cases persuasive as effectuating the intent of Congress and furthering the aims of the Bankruptcy Code.

Those courts which have held against redemption by installment have put forth two reasons for their decisions. One reason is that the redemption provision of the Uniform Commercial Code, (Section 9–506), from which Bankruptcy Code Section 722 was drawn, does not allow redemption by installment. Secondly, the courts have expressed the fear that allowing redemption by installments under Section 722 would render the reaffirmation agreement provisions of Section 524 a dead letter in that a debtor would never be willing to enter into a reaffirmation agreement, but rather would choose to redeem by installments.

While it does allow redemption in certain situations, Uniform Commercial Code Section 9–506, from which Bankruptcy Code Section 722 was drawn, does not allow redemption by installment. The official comment to Section 9–506 indicates that redemption under that provision "requires payment in full of all monetary obligations then due," thus precluding redemption by installment.

Both the House and Senate reports on the proposed Section 722 indicate a desire to broaden a debtor's right of redemption beyond that permitted under the U.C.C. (See H.R. Report No. 95–595, 95th Congress, 1st Sess., at 380 (1977), and S. Report No. 95–989, 95th Congress, 2nd Sess., at 95 (1978)), U.S.Code Cong. & Admin.News 1978, p. 5787. However, those courts which have held against redemption by installments have limited this broadening of the debtor's redemption rights to determining the redemption price by the fair market value of the collateral rather than by the full outstanding debt, as required for redemption under U.C.C. Section 9–506. Those courts find no intent on the part of Congress to eliminate the full payment requirement of U.C.C. Section 9–506.

On the other hand, neither do those courts cite any portion of the Bankruptcy Code's legislative history that persuades this Court that Congress intended to retain

payment in full as a prerequisite of redemption. This Court finds, as did the court in *Carroll, supra,* that the legislative history of the Code provides no sure guidance as to whether Section 722 permits redemption by installment. This Court is free, therefore, to make its own judgment as to the intent of Congress, keeping in mind both the objectives of the Bankruptcy Code and fairness to creditors.

Those courts holding against redemption by installment have also expressed the fear that allowing redemption by installment under Section 722 will render the reaffirmation agreement provisions of Section 524 a dead letter. Those courts fear that a debtor will never choose to enter into a reaffirmation agreement, but instead will insist on redeeming by installment.

This Court might agree with this line of reasoning if it believed that Section 722 gives the debtor the absolute and unqualified right to redeem all secured debts by installment. However, Section 722 allows for redemption only of tangible personal property intended primarily for personal, family or household use. Also, redemption by installment would require the approval of the Court. Redemption by installment would be allowed only in those cases in which the Court determines that the financial rehabilitation of the debtor requires his or her continued possession of the collateral. In those cases in which the debtor does not require possession of the collateral in order to rehabilitate his financial security, the Court will not force the creditor to accept redemption by installment. The debtor may, however, always redeem by full payment, or, if the creditor is willing, enter into a reaffirmation agreement as per Section 524.

The courts holding against redemption by installment have also expressed the fear that the value of the creditor's security may be diminished, or that the collateral may be damaged or destroyed, while in the possession of the debtor. However, any redemption by installment would be subject to any conditions or restrictions which the court feels are necessary and just. Thus, the Court may, for example, require that the debtor purchase insurance, that installment payments be in an amount large enough to counteract the effect of depreciation, or that interest payments be pursuant to a contract. Thus, the Court can take any measures necessary to ensure that the creditor's security is adequately protected.

There is a definite need for redemption by installment. Without redemption by installment, a debtor who can not come up with a lump sum payment, and who can not induce a creditor to enter into a reaffirmation agreement, has no choice but to forfeit property which he requires for his financial rehabilitation. While a Court can not compel a creditor to enter into a reaffirmation agreement, the Court can compel a creditor to accept redemption by installment. Thus, by ordering redemption by installment, the Court can offer relief to the debtor who requires possession of the collateral in order to rehabilitate his financial security, but who is unable to come up with enough money to redeem in a lump sum payment and whose creditor will not enter into a reaffirmation agreement.

Nothing in this interpretation of Section 722 does violence to the aims of Congress in enacting the Bankruptcy Code. Such an interpretation furthers the rehabilitative aims of the Bankruptcy Code by allowing the Court, in proper circumstances, to provide the means for a debtor to achieve the rehabilitation contemplated by the Code, with little damage to the creditor.

The instant case presents a clear example of a debtor whose financial rehabilitation requires her continued possession of the collateral. The collateral here is a mobile home in which debtor and her dependent children reside. To require her to redeem the collateral by full payment would, in effect, force her to abandon her home because of her inability to make that lump sum redemption. Nothing in the evidence suggests that debtor could obtain alternative financing to make a lump sum redemption, a remedy suggested by several courts finding against redemption by installment. If the creditor refuses to enter into a Sec-

tion 524 reaffirmation agreement, the debtor would have no remedy but to abandon her dwelling to whatever the fates might bring for her and her children. This Court refuses to believe that Congress intended Section 722 to produce such a result.

This Court will, therefore, enter an Order permitting this debtor to redeem her mobile home by installment payments.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 752 of the Rules of Bankruptcy Procedure.