**In re Willie HUGEE and Louise Hugee, Debtors.**

**Bankruptcy No. 84–01941.**

United States Bankruptcy Court, D. South Carolina.

Sept. 9, 1985.

R. Michael Drose, Drose & Rhoades, Charleston, S.C., for debtors.

Charles S. Altman, Charleston, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the objection of Safeway Finance Corporation of South Carolina (Safeway) to the confirmation of the Chapter 13 debtors' amended plan, filed on March 20, 1985. Safeway maintains that because it is oversecured it is entitled, pursuant to 11 U.S.C. § 506(b)[1], to the pay-

ment of interest at the contract rate over the life of the plan. The debtors contend that their Chapter 13 plan should be confirmed over the objection of Safeway because the plan satisfies the requirement of § 1325(a)(5)(B)(ii) by providing for the payment of a reasonable interest rate calculated to afford the value, as of the effective date of the plan, of the allowed amount of Safeway's claim.

### FACTS

The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 12, 1984. On September 21, 1984, the debtors borrowed from Safeway $3,532.46 at an interest rate of 24.75% per annum. The loan is secured by a mortgage on the debtors' residence and by a lien on a 1976 Ford truck and on certain consumer goods owned by the debtors. The mortgage was recorded in the R.M.C. Office for Charleston County on September 25, 1984.

The schedules filed by the debtors—representing that debtors' residence has a value of $26,500., is encumbered by three mortgages aggregating $10,500., and has a net equity value of $16,000.—indicate that all three mortgagees, of which Safeway is in third position, are oversecured.

The Chapter 13 plan proposes to pay Safeway its payoff balance of $3,646.71, plus attorney's fees of $250., in monthly installments over a period of 42 months with interest at the rate of 14% per annum. The parties are in agreement as to the principal amount that is owed to Safeway, and the attorney's fees for which Safeway is entitled to reimbursement pursuant to the terms of the contract; they disagree as to the interest rate.

### ISSUE

The issue is whether a Chapter 13 plan, in order to be confirmed, must provide an oversecured creditor with the rate of interest set forth in the loan contract, or wheth-

---

1. All further citations to sections of the Bankruptcy Code shall omit any reference to Title 11 of the United States Code.

er it is sufficient for the plan to provide a reasonable rate of interest calculated to provide the oversecured creditor with the value, as of the effective date of the plan, of the allowed amount of its claim.

## DISCUSSION

The debate concerning the appropriate interest rate revolves around the interplay of sections 506(b) and 1325(a)(5)(B)(i) and (ii).

Section 506(b) provides:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

Section 1325(a) provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if—. . .

(5) with respect to each allowed secured claim provided for by the plan—
. . .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; . . . .

Section 1325(a)(5)(B)(ii) requires that secured creditors who have not accepted the plan receive the "present value equivalent of the allowed amount of [their] secured claim[s]." *In re Klein*, 10 B.R. 657, 4 C.B.C.2d 412, 416, 7 B.C.D. 668 (Bankr.E. D.N.Y.1981). The debtor is, therefore, required to provide secured creditors with additional amounts which substitute for the time value of money.

The objecting creditor has asserted that because it is oversecured it is entitled to receive, by virtue of the operation of § 506(b), more (e.g., its contract rate of interest) than is required by § 1325(a)(5)(B). That creditor has confused the discount rate prescribed by § 1325(a)(5)(B)(ii) with the creditor's right to interest on its secured claim under § 506(b). *See, In re Hyden*, 10 B.R. 21, 6 B.C.D. 1392 (Bkrtcy.S. D.Ohio 1980).

For purposes of fixing the value of a creditor's secured claim, Section 506(b) permits the secured claim to include reasonable interest together with any reasonable fees, costs or charges provided for in the security agreement when the value of the collateral exceeds the amount of the allowed secured claim. 11 U.S.C. Section 506(b); *In re Smith* [4 B.R. 12, 2 C.B.C.2d 77, 78 (Bkrtcy.E.D.N. Y.1980)] *supra; In re Rogers*, [6 B.R. 472, 6 B.C.D. 1214 (Bkrtcy.S.D.Iowa 1980)] *supra.*

The discount rate, on the other hand, does not become a part of the secured claim, but is instead incremental adjustments to the secured claim to compensate the creditor for depreciation of the collateral over the term of the plan. *In re Crockett* [3 B.R. 365 (Bkrtcy.N.D.Ill. 1980)] *supra; In re Cooper* [7 B.R. 537, 7 B.C.D. 24 (Bkrtcy.N.D.Ga.1980)] *supra.*

*In re Klein, supra,* 10 B.R. at 661, 4 C.B. C.2d at 416.

In many cases courts have declined to fix the discount rate at the interest rate stated in the contract because the purpose of the discount rate is to protect the secured creditor from any loss caused to it due to the deferred payment of its claim. *See, In re Klein, supra; In re Lum,* 1 B.R. 186, 1 C.B.C.2d 95 (Bkrtcy.E.D.Tenn.1979); *In re Weaver,* 5 B.R. 522, 2 C.B.C.2d 315 (Bkrtcy. N.D.Ga.1980); *In re Hyden, supra.* It is not the purpose of the discount rate to produce a lender's profit. *In re Lum, supra; In re Weaver, supra.*

The creditor is entitled to receive the contract rate of interest until the effective date of the plan—at which time the accumulated interest becomes a part of the allowed secured claim. From that time for-

ward the oversecured creditor is entitled to receive the discount rate.

 There is no evidence to indicate the depreciation, if any, in the value of the residence, upon which this creditor has a lien, over the life of the debtor's Chapter 13 plan. There is no evidence that a discount rate of 14% per annum will not adequately protect it from any loss caused by the deferred payment of its claim.

The discount rate of 14% per annum provided in the debtors' Chapter 13 plan reasonably affords the creditor the value, as of the effective date of the plan, of the allowed amount of its secured claim. The plan should be confirmed.

## CONCLUSION

Accordingly, it is concluded that:

1. Safeway Finance Corporation is not entitled, pursuant to § 506(b), to the payment of interest at the contract rate over the life of the plan; however, it is entitled to interest at the contract rate until the effective date of the plan.

2. The discount factor of 14% per annum provided in the debtors' Chapter 13 plan meets the requirement of § 1325(a)(5)(B)(ii).

## ORDER

IT IS ORDERED, ADJUDGED, AND DECREED that the objection of Safeway Finance Corporation of South Carolina to the confirmation of the debtors' Chapter 13 amended plan should be, and it hereby, is *overruled.*